**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSE ESTRELLA-VASQUEZ, AKA Jose Leonel Estrella-Vasquez, <br><br> Petitioner, <br><br> v. <br><br> LORETTA E. LYNCH, Attorney General, <br><br> Respondent. | No.   15-71053 <br><br> Agency No. A201-240-305 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 18, 2017**

Before:    TROTT, TASHIMA, and CALLAHAN, Circuit Judges.

Jose Estrella-Vasquez, a native and citizen of Mexico, petitions for review of

the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's denial of cancellation of removal.  Our jurisdiction is

governed by 8 U.S.C. § 1252.  *See Coyt v. Holder*, 593 F.3d 902, 905 (9th Cir.

---

\*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*        The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

2010). We review de novo questions of law and constitutional claims. *Khan v. Holder*, 584 F.3d 773, 776 (9th Cir. 2009). We deny in part and dismiss in part the petition for review.

We are not persuaded by Estrella-Vasquez's challenge to 8 C.F.R. § 1240.26(c)(3)(i)-(iii). *See* 8 U.S.C. § 1229c(b), (e); *cf. Garfias-Rodriguez v. Holder*, 702 F.3d 504, 523-28 (9th Cir. 2012) (en banc) (8 U.S.C. § 1229c(e) gives the Attorney General discretion to limit eligibility for voluntary departure, and promulgation of 8 C.F.R. § 1240.26(i) was a proper exercise of the Attorney General's authority).

We lack jurisdiction to review the agency's discretionary determination that Estrella-Vasquez failed to show exceptional and extremely unusual hardship to his qualifying relative. *See Martinez-Rosas v. Gonzales*, 424 F.3d 926, 930 (9th Cir. 2005). Estrella-Vasquez's contention that the agency failed to consider relevant evidence of hardship is not supported by the record and thus does not invoke our jurisdiction. *See Vilchiz-Soto v. Holder*, 688 F.3d 642, 644 (9th Cir. 2012) (absent a colorable legal or constitutional claim, the court lacks jurisdiction to review the agency's discretionary determination regarding hardship); *Martinez-Rosas*, 424 F.3d at 930 ("To be colorable in this context, . . . the claim must have some possible validity.") (citation and internal quotation marks omitted).

15-71053

To the extent Estrella-Vasquez contends the agency violated due process by not reinstating voluntary departure, his claim fails for lack of error. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error and prejudice to prevail on a due process challenge).

Estrella-Vasquez's motion for judicial notice is denied. *See* 8 U.S.C. § 1252(b)(4)(A) (judicial review is limited to the administrative record); *Dent v. Holder*, 627 F.3d 365, 371 (9th Cir. 2010) (stating standard for review of out-of-record evidence).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**